UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

                  Plaintiff,

v.                                       Case No. 24-cv-495-pp

SHAWANO COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

                  Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), DENYING PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER (DKT. NO. 12), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND ADMINISTRATIVELY CLOSING CASE**

---

Plaintiff Jeremy Knutson, who is incarcerated at Shawano County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 6, screens his complaint, dkt. no. 1, and denies his request for a protective order, dkt. no. 12.

**I.   Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

1

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On May 9, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $0.75. Dkt. No. 8. But on June 17, 2024, the court waived the requirement that the plaintiff pay an initial partial filing fee because his trust account statement showed that he had a negative balance "that ha[d] only grown in the last several months." Dkt. No. 11. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the full $350 filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d

896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants the Shawano County Sheriff's Department, Captain Nick Prey, Lieutenant Chris Madle and Patrol Officer Jess Hoffman. Dkt. No. 1 at 1–2. The plaintiff names the officers in their official capacities only. Id.

The plaintiff alleges, without context or elaboration, that the Shawano County Sheriff's Department "already knew Jennifer Clark was not at said residence," and he alleges that "the foot tracks leading to the house show [he] was the only one who came home." Id. at 4. He alleges that Jennifer Clark "who had a friend call in a false Wellfare [*sic*] check was in Brown County Jail till Jan 9th released around 4pm not getting a ride till Connie Stolpa picked her up, bringing her to Brenda Stolpa's apartment, on Jan. 10th."[1] Id.

The plaintiff alleges that Captain Prey "authorized a non warr[a]nted search and use of less-leathal [*sic*] options, multiple times." Id. He says, "[w]as at N668 Evergreen St Navarino, WI 54107, Lt. Chris Madle . . . was the officer who supplied false information and the less-leathal attack on Plaintiff Knutson, Multiple attacks." Id. He says that Officer Hoffman "came up with false statements and the lies that made the SRT Team show up on" January 10. Id. The plaintiff alleges that officers "did this so Jennifer Clark who was given a no contact order from Brown County Circuit Court from the day prior, could have the house they shared for 16 months, that was owned by Cathy Clark." Id. He says that he "was sleeping while they searched," and he alleges that "he took Elvil [*sic*] for his seizures." Id. The plaintiff later clarifies that these events occurred "before [he] was arrested." Id. at 9.

The plaintiff alleges that he suffered a fractured skull and "burns to skin, eyes, throat, lungs . . . from the OC powder [and] vapor balls." Id. at 5. He says

---

[1] The plaintiff may have meant the reference to January 10 to apply to the next series of allegations about the law enforcement officers.

his dog also suffered burns. Id. He alleges that "[t]hey only wiped [his] eyes with a pad," but his "dog had no treatment." Id. He says his dog "is Presa Canario [and] cost $10,000." Id. He seeks $3.9 million in punitive damages and $2.4 million in compensatory damages. Id.

    C.    Analysis

The complaint concerns events that occurred before the plaintiff was arrested. He appears to allege that on January 10, 2024, members of the Shawano County Sheriff's Department searched his residence without a warrant and provided false information in support of that search; he also seems to allege that there was an "attack" on the plaintiff during the search. He says he suffered serious injuries for which he received inadequate medical treatment, and he seeks damages for his injuries and harm to his dog. These events appear to have led to his arrest; he faces pending charges in state court. See State v. Knutson, Shawano County Case No. 24CF27 (publicly available at https://wcca.wicourts.gov/).

Under Younger v. Harris, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). "[C]laims of damages resulting from illegal searches, seizures, and detentions meet that description; they involve constitutional issues that may be litigated during the course of his criminal case." Id. (citations omitted). "Deciding those issues in federal court could undermine the state court proceeding." Id. "Resolving the constitutionality of law

5

enforcement's conduct throughout [the plaintiff's] case[] would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention." Shaw v. County of Milwaukee, Case No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. April 4, 2022) (citing J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021); and SKS & Assoc. v. Dart, 619 F.3d 674, 677–79 (7th Cir. 2010)).

The complaint seeks compensatory and punitive monetary damages. Dkt. No. 1 at 5. Monetary relief is not available to the plaintiff in his state criminal case, and it is possible that his claims may become time-barred by the time the state prosecution has ended. This means that rather than dismissing the damages claims, the court must stay them. Id. (citing Gakuba, 711 F.3d at 753). The court will administratively close this case; when the plaintiff's criminal case has concluded, he may file a motion to reopen this federal case. The court will preserve the original, April 24, 2024 filing date.

### III. Request for a Protective Order (Dkt. No. 12)

On June 28, 2024, the court received from the plaintiff a request for a protective order, along with a proposed protective order. Dkt. No. 12. The proposed order is based on putative "stipulations of the parties and the factual representations set forth therein" and on "good cause" shown "in discovery, answers to interrogatories, answers to request [*sic*] for admissions, and dispositions [*sic*]." Id. at 1. The proposed protective order limits the Shawano County Sheriff's Department from having contact with the plaintiff "except threw [*sic*] Counsel or document via U.S. Mail threwout [*sic*] this litigation." Id.

6

Case 2:24-cv-00495-PP    Filed 07/24/24    Page 6 of 8    Document 13

The plaintiff asks that the court "Grant his [Proposed] Protective Order, and this action on the merits." Id. at 2.

The court will deny the plaintiff's request for a protective order. No discovery has occurred and there are no stipulations between the parties in this federal case. The court has not ordered the complaint to be served on any defendant, and this order does not require service of the complaint on any defendant. The court will take no action in this case until the plaintiff's state criminal case is complete. Once the plaintiff's state criminal case is resolved, he may notify the court in writing and, if necessary, make requests for any relief he believes is needed at that time.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DENIES** the plaintiff's request for a protective order. Dkt. No. 12.

The court **ORDERS** that this case is **STAYED** pending the conclusion of the state criminal proceedings. The court **DIRECTS** the clerk's office to **ADMINISTRATIVELY CLOSE** the case until the plaintiff files a motion to reopen, notifying the court that his state criminal proceedings are concluded. The plaintiff's April 24, 2024 filing date will be preserved for limitation purposes.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full **$350** filing fee by collecting

monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Shawano County Sheriff and email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.gov.

Dated in Milwaukee, Wisconsin this 24th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8
Case 2:24-cv-00495-PP   Filed 07/24/24   Page 8 of 8   Document 13